Report Date: October 6, 2017

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2017

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kimberly Lee Fawver     Case Number: 0980 2:13CR00096-RHW-1

Address of Offender:     Spokane Valley, Washington 99206

Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: January 23, 2014

Original Offense:     Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349;
Aggravated Identity Theft, 18 U.S.C. § 1028A

Original Sentence:     Prison - 48 months;     Type of Supervision: Supervised Release
TSR - 60 months

Asst. U.S. Attorney:     Timothy John Ohms     Date Supervision Commenced: November 25, 2016

Defense Attorney:     Federal Defenders Office     Date Supervision Expires: November 24, 2021

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Standard Condition # 2**: The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.<br><br>**Supporting Evidence**: On November 25, 2016, supervision commenced in this matter. On November 28, 2016, a supervision intake was completed. Ms. Fawver signed a copy of her judgement, acknowledging an understanding of the conditions imposed by the Court, which includes standard condition number 2, as noted above. She was directed to report in person within the first 5 days of each month, unless otherwise directed.<br><br>Ms. Fawver violated the terms of supervised release by failing to report on or about October 4, 2017, or since.<br><br>On September 20, 2017, the undersigned officer attempted to conduct an initial home visit as Ms. Fawver had moved into her current residence approximately 1 week prior. Ms. Fawver was not home at the time. Ms. Fawver's mom, Sally Campbell, indicated Ms. Fawver had just left for the store, and agreed to have Ms. Fawver call the undersigned officer upon her return. The undersigned did not hear from Ms. Fawver that day. The undersigned contacted Ms. Fawver's Washington State Department of Corrections (DOC) |

community corrections officer (CCO), who advised he has had difficulty contacting Ms. Fawver. In fact, Ms. Fawver had not yet made DOC aware of her new address.

On September 22, 2017, the undersigned was contacted by Brittney Hearn, Ms. Fawver's significant other, who was previously on federal supervision. Ms. Hearn advised, via text messaging, that Ms. Fawver was admitted into the hospital. There were multiple attempts to reach Ms. Fawver or Ms. Hearn by phone, but those efforts were unsuccessful.

On September 28, 2017, the undesigned called the hospital in an effort to locate Ms. Fawver. The hospital staff advised they did not have a patient by her name there in the last 3 days. Later that day, Ms. Hearn sent the undersigned a text message stating the hospital put Ms. Fawver on an automatic privacy listing. She further reported Ms. Fawver discharged from the hospital that morning.

Follow up contact with the hospital indicated Ms. Fawver was in the hospital from September 22, to September 24, 2017. They further advised that the privacy setting is done at the patient's request and the patient and hospital staff would be required to complete paperwork. This did not occur in Ms. Fawver's case.

On October 2, 2017, the undersigned attempted to locate Ms. Fawver at her residence. Ms. Fawver's mother advised that we had just missed her. She agreed to tell Ms. Fawver to report by October 3, 2017, at 9:00 a.m. Ms. Fawver left the undersigned a voicemail message later that evening and advised she would call back the following morning.

On October 3, 2017, Ms. Fawver did not make contact with the undersigned. Ms. Hearn, however, sent a text message indicating Ms. Fawver was having car problems and was working on having her car repaired. Ms. Fawver called later that day, advising she had been ill. Ms. Fawver was then directed to report the following morning by 10:00 a.m., which she agreed to do so.

On October 4, 2017, Ms. Fawver failed to report that morning as directed. That afternoon, the undersigned received a voicemail message from Ms. Fawver's mother, Sally Campbell. Ms. Campbell stated Ms. Fawver was very ill that morning and went to the emergency room.

The undersigned received a message hours later from Brittney Hearn who advised they were at the Valley Hospital emergency room and she believed Ms. Fawver would be admitted.

Ms. Fawver's DOC officer contacted the undersigned, who advised that he has continually been trying to make contact with Ms. Fawver. He made contact with Brittney Hearn who indicated a change in hospitals on two occasions when he advised he was making efforts to locate Ms. Fawver at the hospital.

On October 5, 2017, the undersigned contacted the Valley Hospital emergency room. They advised that Ms. Fawver was not currently at the emergency room and she was not previously admitted into the hospital.

As of this date, Ms. Fawver has failed to report to the U.S. Probation Office. It would appear she has absconded from supervision.

2 **Special Condition # 18**: You shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement absent further order of the Court. You shall allow reciprocal release of information between the supervising officer and treatment provider. You shall contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**: On November 25, 2016, supervision commenced in this matter. On November 28, 2016, a supervision intake was completed. Ms. Fawver signed a copy of her judgement, acknowledging an understanding of the conditions imposed by the Court, which includes standard condition number 18, as noted above.

Ms. Fawver violated the terms of her supervised release by failing to appear for a mental health session on or about September 26, 2017.

On October 3, 2017, contact was made with mental health provider, Robert Shepard. He advised that Ms. Fawver was scheduled for an appointment on September 26, 2017, which she failed to show up for.

3 **Special Condition # 20**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On November 25, 2016, supervision commenced in this matter. On November 28, 2016, a supervision intake was completed. Ms. Fawver signed a copy of her judgement, acknowledging an understanding of the conditions imposed by the Court, which includes standard condition number 20, as noted above.

Ms. Fawver violated the terms of her supervised release by failing to appear for a substance abuse evaluation on or about September 28, 2017.

On August 14, 2017, Ms. Fawver was directed to participate in a substance abuse evaluation. A substance abuse evaluation was scheduled for September 28, 2017. Ms. Fawver failed to appear for that evaluation.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 6, 2017

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

October 10, 2017

Date